IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GINA CASTILLO,<br><br>      PLAINTIFF,<br>v.<br><br>**PORTFOLIO RECOVERY ASSOCIATES, LLC**<br><br>      DEFENDANT. | Case No.: |

## COMPLAINT

Plaintiff, Gina Castillo, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq*. ("ICAA"), for a finding that Defendant's actions violated Plaintiff's legal rights, and to recover damages for Defendant's violations thereof, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. §§ 1331 and 1337.

2. Venue is proper in this District because parts of the acts and transactions occurred here, and the Defendant transacts substantial business here.

### STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

1

4. Specifically, Plaintiff suffered a concrete injury due to Defendant's false reporting of her credit information.

5. Defendant communicated false information, namely, that the debt was not disputed when it was in fact disputed, to a third party, in this case a consumer reporting agency.

6. This false communication is analogous to defamation, a tort under common law.

7. By communicating false and inaccurate information regarding Plaintiff and her credit to third parties, Defendant defamed Plaintiff's creditworthiness. *See Ewing, Webster v. Med-1 Solutions, LLC*, Nos. 21-1276 and 21-1299, at pg. 13 (7th Cir., Feb. 2, 2022) (A violation of 15 U.S.C. § 1692e(8) "is related closely to the harm caused by defamation. Reputational harm of this sort is a real-world injury; being portrayed as a deadbeat who does not pay her debts has real-world consequences.").

8. Plaintiff has thus suffered an injury because of Defendant's conduct, giving rise to standing before this Court. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, at 2204 (2021) (A court may look at whether there is "a close historical or common-law analogue" to the alleged injury, when determining Article III standing, but the analogue must only be similar, not exact). *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

2

## PARTIES

9. Plaintiff is a resident of the State of Illinois, from whom the Defendant attempted to collect a delinquent consumer debt it alleged had been owed to for a debt arising from personal, family or household purposes.

10. Plaintiff is thus a consumer as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA.

11. Defendant, Portfolio Recovery Associates, LLC ("PRA") is a Delaware limited liability company that operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois, and is licensed to operate in the state of Illinois.

12. Defendant PRA acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

13. PRA is licensed as a collection agency in the State of Illinois.

## FACTUAL ALLEGATIONS

14. According to Defendant, Plaintiff incurred a debt, originally to Capital One Bank, N.A. (the "Account").

15. Plaintiff used the Account primarily for personal, family, and household purchases.

16. The alleged Account is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

17. Defendant claims that Plaintiff failed to make payments and the alleged account was charged off by the original creditor.

18. Defendant claims that the original creditor sold, transferred or assigned the alleged debt to it for collections.

19. Defendant subsequently began efforts to collect the Account, including by filing a lawsuit against Plaintiff, through counsel at Rausch Sturm, LLC ("Rausch Sturm").

20. In response to collection attempts by Defendant, Plaintiff consulted with the attorneys at Chicago Consumer Law Center, P.C., who, on October 29, 2021, sent a letter via fax to the Defendant, via Defendant's counsel at Rausch Sturm which was representing it in a pending state court action related to the alleged debt at issue, indicating that Plaintiff disputed the Account. (Exhibit A, Dispute Letter).

21. The Defendant received Plaintiff's dispute shortly thereafter since it was sent to its attorney and agent, since Defendant was represented by counsel in respect to the alleged account.

22. Plaintiff's letter stated, in part, that the amount reported is not accurate.

23. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Evans v. Portfolio Recovery Associates, LLC*, 889 F.3d 337, 349 (7th Cir. 2018). ("There is simply no other way to interpret this language.") *Id.*

24. Thereafter, on October 29, 2021, Defendant communicated credit information regarding the Account to the TransUnion consumer reporting agency, including the balance, an account number, and the date reported. (Exhibit B, Redacted Excerpt from Plaintiff's TransUnion Report).

25. Defendant failed to communicate that Plaintiff's Account was disputed when it communicated other information to TransUnion regarding the Account.

26. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

27. Defendant failed to communicate a dispute to the TransUnion credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the Account to the credit reporting agency.

28. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

29. Defendant's false credit reporting defamed Plaintiff's credit reputation and adversely impacted Plaintiff's credit reputation.

30. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

32. Even though Defendant knew or should have known that Plaintiff disputed owing the alleged debt, Defendant communicated credit information about Plaintiff to the TransUnion consumer reporting agency, while omitting the fact that Plaintiff disputed that alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

33. Because of the Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

## COUNT II-ILLINOIS COLLECTION AGENCY ACT

34. Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

35. Defendant communicated false and inaccurate credit information about Plaintiff in an attempt to force Plaintiff to pay a disputed debt, in violation of 225 ILCS 425/9(a)(22) and 225 ILCS 425/9(a)(35) of the Illinois Collection Agency Act.

36. Plaintiff was damaged by Defendant's illegal actions due to credit defamation and failing to report that the alleged debt was disputed.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    D. Compensatory damages, punitive damages and attorney's fees and costs of this action as allowed under the Illinois Collection Agency Act; and,

E.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By:    /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them.

These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys